UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-264-FDW

| MATTHEW JAMES DURY, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) ORDER |
| | ) |
| | ) |
| WIILIAM BRIAN SOLESBEE, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on initial review pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Plaintiff has filed an application to proceed in forma pauperis. (Doc. No. 2).

**I. BACKGROUND**

Pro se Plaintiff Matthew James Dury is a federal prisoner currently incarcerated at Lewisburg Federal Correctional Institution in Lewisburg, Pennsylvania.[1] Plaintiff filed this

---

[1] Plaintiff pled guilty in this Court to receiving child pornography, in violation of 18 U.S.C. §§ 2552(a)(2) and (b)(1). (Crim. Case No. 1:08-cr-16-MR-1, Doc. No. 12: Acceptance and Entry of Guilty Plea). On September 4, 2008, the Court sentenced Plaintiff to a term of 204 months' imprisonment and a fifteen-year term of supervised release. (Id., Doc. No. 18: Judgment). Plaintiff appealed, and the Fourth Circuit subsequently vacated the sentence after concluding that this Court's pronouncement of sentence was not accompanied by an expressed understanding of its discretion in fashioning a sentence. United States v. Dury, 336 F. App'x 371, 372 (4th Cir. 2009) (per curiam). On remand, this Court again imposed a sentence of 204 months' imprisonment and a fifteen-year term of supervised release. (Crim. Case No. 1:08-cr-16, Doc. No. 30: Amended Judgment). Plaintiff did not appeal from the amended judgment. He subsequently filed a motion to vacate, raising various claims that were wholly unrelated to the claim he brings here, and this Court denied the motion to vacate.

action on September 17, 2018, pursuant to 42 U.S.C. § 1983,[2] naming as the sole Defendant William Brian Solesbee, identified as a detective with the Buncombe County Sheriff's Office at all relevant times. In support of his claim against Defendant Solesbee, Plaintiff alleges that on August 26, 2005, Solesbee falsely detained Plaintiff at the Buncombe County Courthouse for over an hour and and charged him with second-degree trespass. (Doc. No. 1 at 3). Plaintiff seeks compensatory and punitive damages against Defendant. (Id. at 4).

Before addressing Plaintiff's claim in this action, the Court notes that it has considered Plaintiff's IFP affidavit, in which Plaintiff swears under penalty of perjury that he has "only .36 cents on his inmate account with no income source and between [$8000 to $10000] that is encumbered to his inmate account for fines and fees prison staff charge[d] the plaintiff." (Doc. No. 2 at 1). The Court finds that Plaintiff has no funds or inadequate funds to assess an initial partial filing fee. Therefore, the payment of an initial partial filing fee is waived. However, Plaintiff is still liable for the full filing fee and is directed to pay this fee by monthly payments in accordance with this order. In accordance with 28 U.S.C. § 1915(b)(2), the correctional facility where Plaintiff is incarcerated is required to deduct monthly payments of 20% of the preceding month's income credited to Plaintiff's trust fund account each time the amount in the account exceeds $10.00. These monthly payments are to be sent to the Clerk of Court for the United States District Court for the Western District of North Carolina until the statutory fee of $350.00 is paid in full.

**II.    STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint

---

[2] Plaintiff captioned this action as an "Individual Capacity Motion Pursuant to 28 U.S.C. § 1331, 6th Amendment to the Constitution Jury Trial, and Trezevant Vicinity of Tampa, [741 F.2d 336 (11th Cir. 1984)]."

to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III. DISCUSSION

As his sole claim, Plaintiff alleges that on August 26, 2005, Defendant Solesbee falsely detained Plaintiff at the Buncombe County Courthouse for over an hour. As noted, Plaintiff filed this action on September 17, 2018. Because there is no explicit statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, courts look to the comparable statute of limitations from the relevant state. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Wilson v. Garcia, 471 U.S. 261, 266-69 (1985)). Here, Plaintiff's claim is similar to a claim for personal injury in North Carolina, for which there is a three-year statute of limitations. See N.C. GEN. STAT. § 1-52(16). Accord McPherson v. United States, 392 F. App'x 938, 944 (3d Cir. 2010) (claim alleging failure to notify the plaintiff of his rights under Article 36 of the Vienna Convention was subject to the state statute of limitations for personal injury actions, and the statute of limitations bar was clear from the face of the complaint); Taylor v. City of Farmville, No. 1:09cv963, 2011 WL 9374264, at *1 (E.D. Va. May 3, 2011) (same). This Court finds, therefore, that the applicable statute of limitations for Plaintiff's claim is three years.

Although the statutory limitations period for § 1983 actions is borrowed from state law,

"[t]he time of accrual of a civil rights action is a question of federal law." Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). "Federal law holds that the time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action." Id.; see Urie v. Thompson, 337 U.S. 163, 170 (1949) (noting that "statutes of limitations . . . conventionally require the assertion of claims within a specified period of time after notice of the invasion of legal rights"); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983) (noting that the statute of limitations "does not begin to run until the plaintiff discovers, or by the exercise of due diligence should have discovered, the facts forming the basis of his cause of action").

Plaintiff's claim accrued at least on the date of the illegal detention by Defendant, which allegedly occurred on August 26, 2005. Plaintiff did not file this action until September 17, 2018; thus, Plaintiff's claim is clearly time-barred. See Jones v. Bock, 549 U.S. 199, 215 (2007) (noting that in an initial review under § 1915(e) of the PLRA, "[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ."). Plaintiff alleges in the complaint that his action is not time-barred because he "did not have access to the Trezevant case in 2005 or the docket sheets of case 05-cr-061454 until April 16, 2018." (Doc. No. 1 at 2). He therefore contends that this action is not time-barred based on "newly discovered evidence." Plaintiff's contention fails, as he was clearly on notice of his alleged injury as of the date he was alleged illegally detained.[3]

IV.  CONCLUSION

For the reasons stated herein, the Court will dismiss this action with prejudice. The Court further reminds Plaintiff that the Prison Litigation Reform Act ("PLRA") allows the court to

---

[3] In any event, the Trezevant case, an Eleventh Circuit case where the plaintiff was detained during the booking process even though he had money to post bond, does not even appear to apply to the alleged facts in Plaintiff's action.

dismiss a prisoner's action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This Court recently dismissed another action by Plaintiff in the Court on the merits and with prejudice, as that action was also barred by the applicable statute of limitations. See Dury v. Briggs, 1:18cv258 (W.D.N.C.). Once Plaintiff reaches his three strikes, he will be prevented from proceeding in forma pauperis in any more civil actions without first paying the full filing fee unless he shows that he is under imminent danger of serious physical injury.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's In Forma Pauperis Application, (Doc. No. 2), is **GRANTED**.
2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED**.
3. The Clerk is respectfully instructed to terminate this action.
4. In accordance with 28 U.S.C. § 1915(b)(2), the correctional facility where Plaintiff is incarcerated is required to deduct monthly payments of 20% of the preceding month's income credited to Plaintiff's trust fund account each time the amount in the account exceeds $10.00. These monthly payments are to be sent to the Clerk of Court for the United States District Court for the Western District of North Carolina until the statutory fee of $350.00 is paid in full. The Clerk is respectfully instructed to mail this Order to Lewisburg US Penitentiary, P.O. Box, Lewisburg, PA 17837.

Signed: September 25, 2018

Frank D. Whitney
Chief United States District Judge